**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

XEROX CORPORATION,

        Plaintiff,                            CASE NO.  06-CV-14358

-vs-                                       PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

N.W. COUGHLIN & CO., et al.,

        Defendants.
_____/

**ORDER (1) DENYING DEFENDANTS' UNTIMELY MOTION FOR RECONSIDERATION; AND**
**(2) REQUESTING ORAL ARGUMENT ON PLAINTIFF'S DAMAGES CLAIM ON A DATE TO BE DETERMINED**

      Before the Court is Defendants', N.W. Coughlin & Co., n/k/a 1980 Corporation, a Michigan Corporation; M. Blanc, Inc., a Nevada Corporation, and N.W.C. Program Administration, Inc., d/b/a N.W. Coughlin & Co., a Michigan corporation (collectively the "Corporate Defendants); and Robert Lott, Linda Lott, David Merchant, and Darwin Semann (collectively the "Individual Defendants"), September 16, 2008 Motion for Reconsideration, or in the Alternative, Relief from the Judgment. (Doc. No. 62).  Defendants' Motion pertains to this Court's July 22, 2008 Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment (Doc. No. 56).

      Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects.  *See also* Fed. R. Civ. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment).

        [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable

> implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

The Court finds that its July 22, 2008 opinion and order is clear as to liability. The Court also finds that Defendants failed to demonstrate that the Court's opinion and order contained a palpable defect which would result in a different disposition of the case.

Alternatively, the Court concludes that Defendant's motion is not timely, as it was not filed until nearly two months after the Court issued its opinion and order. Therefore, the Court denies consideration and relief.

However, the Court orders oral argument and permits additional briefing regarding the specific amount of damages awarded in its July 22, 2008 opinion and order. The hearing regarding damages is to be held after the hearing on Plaintiff's Motion for Summary Judgment as to Individual Defendants and All Defendants as to Civil Conspiracy scheduled for January 21, 2009. The Court will set a date for the damages argument at the January 21, 2009 hearing.

Accordingly, the Court DENIES Defendant's Motion for Reconsideration of this Court's Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and ORDERS oral argument on Plaintiff's damages claim on a future date to be determined at the January 21, 2009 hearing.

**SO ORDERED.**

                                                S/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: January 9, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 9, 2009.

                                                S/Denise Goodine  
                                                Case Manager